IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT EARL BARNES, JR.,

    Plaintiff,

v.

OFFICER J. MILLS, 7A-3PM shift, *et al.*,

    Defendants.

Civil Action No.: 24-cv-1638-LKG

Dated: September 17, 2024

USDC- GREENBELT
'24 SEP 17 PM 4:18

## MEMORANDUM OPINION

    Plaintiff Robert Earl Barnes, Jr., who is incarcerated at North Branch Correctional Institution, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and has requested permission to proceed in forma pauperis pursuant. ECF Nos. 1, 2. Because Barnes appears indigent, his request to proceed without pre-payment of the filing fee is granted. ECF No. 2.

    Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    Barnes is self-represented and his pleadings will be liberally construed by the Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Barnes alleges that during the "major shakedown" on January 11, 2024, he was taken to the dayroom by unknown officers, told to remove his clothing, held in a cage in the dayroom for 30-45 minutes wearing only his boxers, and then escorted back to his cell by Defendant Rounds. ECF No. 1 at 4-5. When he got to his cell, Defendant Officer J. Mills was holding his computer tablet which had a shattered screen and Defendant Officer Schrock was also present. *Id.* at 4-5. Barnes received a disciplinary charge and Defendant Hearing Officer Wedlock found him guilty of breaking his tablet and fined him $250.00. *Id.* at 5. Barnes is seeking damages, a replacement of his tablet, and for the involved officers to be reprimanded. *Id.*

    It appears that Barnes is attempting to bring a claim for destruction of his property. To the extent that he is, he has failed to state a claim. If the tablet's screen was negligently

damaged, it is not actionable under § 1983. *See Kerr v. S.C. Dep't of Corr.*, No. CV 0:16-3321-TMC-PJG, 2016 WL 7632892, at *2 (D.S.C. Oct. 28, 2016*), report and recommendation adopted*, No. CV 0:16-3321-TMC, 2017 WL 26074 (D.S.C. Jan. 3, 2017*)* (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 F. App'x 737, 740 (11th Cir. 2007)). *See also Booze v. Wilson*, No. 23-CV-2386-LKG, 2023 WL 6601457, at *1 (D. Md. Oct. 10, 2023).

If Barnes is alleging his property was intentionally damaged by a state employee, his federal claim would also fail because he has access to an adequate post-deprivation remedy in Maryland state court. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060, at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the Inmate Grievance Office provide adequate post-deprivation remedies); *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936, at *2 (D. Md. Mar. 8, 2012).

If Barnes is attempting to bring a claim for a violation of his due process rights related to disciplinary proceedings, this claim also fails. Barnes states that based on the officers' false accusations, he was wrongly charged and found guilty of breaking his tablet. ECF No. 1 at 5. He states that there was perjury by officers and defamation of his character. *Id.*

Assuming without determining if Barnes has a protected property interest at stake due to the imposition of a $250 fine,[1] he has not asserted a viable due process claim. Prison disciplinary proceedings are not part of a criminal prosecution, so the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Before certain sanctions can be imposed, minimum requirements of due process must be satisfied, including (1) advance written notice of the charges against him; (2) a written statement

---

[1] "[N]either the Supreme Court nor the Fourth Circuit has specified the threshold at which the Due Process Claims is implicated when it comes to monetary fines." *Carter v. White*, No. 7:21-CV-00484, 2023 WL 3871719, at *3 (W.D. Va. June 7, 2023) citing *Riddick v. Kegley*, No. 7:20-cv-00562, 2023 WL 2326858, at *5 (W.D. Va. Mar. 2, 2023) (collecting cases where small fines of $12 and $15 have not triggered the due process clause) (other citations omitted).

of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing at which the prisoner has the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See id.* at 564-66, 570-71. Here, Barnes has not identified any of these deficiencies took place with his disciplinary proceeding. Instead, Barnes alleges that the officers made false accusations. Making false accusations in disciplinary proceedings is not a due process violation. *See Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016) citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986) (acknowledging "the general legal proposition that a false disciplinary charge cannot serve as the basis for a constitutional claim").

Finally, to the extent that Barnes is attempting to bring an Eighth Amendment claim based on being held in the dayroom for 30-45 minutes in his boxers, the Court similarly finds he has not stated a claim for relief. ECF No. 1 at 4-5. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In order to establish the imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).

The objective prong of a conditions claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Here, Barnes has alleged no such injury or risk of serious

harm from the conditions to which he was subjected. He has failed to state a claim under the Eighth Amendment.

Construing the pleadings with deference to Barnes, no plausible basis for any cause of action can be found in federal court. Accordingly, the Complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Barnes is forewarned that his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F. 4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1) for failure to state a claim. Accordingly, Barnes' motion to appoint counsel will be denied. ECF No. 4. A separate order follows.

September 17, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge